[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #120
The plaintiff has brought this action against Village Park II Realty Company and Carabetta Management Co., alleging that he was caused to suffer injuries when he fell on an accumulation of ice in a parking lot owned and/or controlled by the defendants. He alleges negligence on the part of the defendants in maintaining that parking area.
Carabetta then cited in and filed a third party complaint against Sebastian Restoration, Inc., and Village Park filed a cross-complaint against Sebastian. The third party complaint of Carabetta and the cross complaint of Village Park essentially seek indemnity alleging that Sebastian was by contract responsible for snow and ice removal in the area where the plaintiff claims to have fallen.
Carabetta and Village Park have now moved for summary judgment as to the first count of Carabetta's third party complaint and Village Park's cross claim against Sebastian. In the first count of those pleadings Carabetta and Village Park allege that by contract Sebastian agreed to remove snow and ice from the locations where the plaintiff fell and agreed to insure, hold harmless, indemnify and defend Carabetta and Village Park for any injuries as a result of its actions, omissions or negligence. CT Page 10105
The specific contract provisions relied upon reads as follows:
 Contractor, at its expense, shall hold harmless, indemnify and defend project owner and Carabetta Management Co., from and against damage or destruction of property and injury or death to persons occurring by reason of any acts, omissions or negligence of Contractor, its employees, agents servants, representatives, or others under its control.
Carabetta and Village Park argue that the above language clearly obligates Sebastian to indemnify etc., and defend them as a result of the allegations of the plaintiff. Sebastian claims however, that the language in question obligates it to do so only when such injury arises from its acts, omissions, and negligence, and it is a question of fact as to whether such is the case.
Clearly, there is a factual issue as to whether the acts of omission, or negligence of anyone, caused the plaintiffs injuries. Therefore, in order for Sebastian to be required to defend Carabetta and Village Park at this point, the above language must be interpreted to mean that this obligation comes into play by virtue of the allegation alone or claim
that an injury was suffered under circumstances which would come within the terms of the contract between the parties. The problem is of course, is that is not what the contract says.
Of course, any obligation to defend would be meaningless if it was dependent upon the outcome of the underlying case since by that time, it would be too late to afford a defense.
Thus, there arises a situation where the contract language obligated Sebastian to defend Carabetta and Village Park when an injury is suffered through the fault of Sebastian. Whether such injury is the result of the fault of Sebastian cannot be determined, however, until after the time for affording a defense has passed. In the court's view, this is an ambiguity which must be resolved against the party that drew the contract which appears to have been Carabetta, thus precluding summary judgment.
To the extent that this motion for summary judgment asks the court to decide whether Sebastian is liable for indemnification to Carabetta and Village Park in the event that the plaintiff prevails against them, such is, in effect, a request for a declaratory judgment. The claims at issue however, do not comply with the requirements for a declaratory judgment. See C.P.B. Sec. 17-54 et seq. The cross claim and third party complaint do not seek such declaratory relief. CT Page 10106
The motion for summary judgment is therefore, denied.
Bruce W. Thompson, Judge.